IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BLUESKYE INDUSTRIES, LLC § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> LIBERTY MUTUAL GROUP § <br> Defendant. § | Civil Action No. 5:17-cv-1000 |

## DEFENDANT'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Ohio Security Insurance Company, incorrectly sued as Liberty Mutual Group,[1] files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On August 14, 2017, Plaintiff Blueskye Industries, LLC ("Plaintiff") filed its Original Petition ("Original Petition") styled Cause No. 2017CI15039; *Bleauskye Industries, LLC vs. Liberty Mutual Group;* In the 57th Judicial District Court of Bexar County, Texas. Ohio Security Insurance Company, incorrectly sued as Liberty Mutual Group, was served with citation on September 9, 2017.

### *Nature of the Suit*

2. This lawsuit involves a dispute over the handling of Plaintiff's insurance claim regarding an alleged theft which occurred at Plaintiff's rented office space, 3419 Northeast Parkway, San Antonio, Bexar County, Texas 78218, on or about February 20, 2017. Plaintiff alleges Ohio Security Insurance Company breached the insurance contract and violated the

---

[1] Liberty Mutual Group was incorrectly named in this suit. Ohio Security Insurance Company, and not Liberty Mutual Group, issued the subject policy in this case.

1

Texas Insurance Code.[2] Plaintiff seeks economic damages, attorney's fees, treble damages, pre- and post-judgment interest, and costs.[3]

## *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time Plaintiff filed its Original Petition on August 14, 2017, and as of the date of filing this Notice, Ohio Security Insurance Company was and is a company organized under the laws of the State of New Hampshire, and has its principal place of business in Massachusetts. Accordingly, at the time of filing of this suit and through the filing of this Notice, Ohio Security Insurance Company was and is considered an out-of-state citizen for diversity jurisdiction purposes.[4]

5. Upon information and belief, Plaintiff was a citizen of Texas when it filed its Original Petition and continues to be a citizen of Texas.[5]

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff's Original Petition makes clear this threshold has been met. Plaintiff's Original Petition states the lawsuit is not governed by the expedited actions process.[6] Moreover, the Petition states "the insurance policy called for a "Limit of Insurance – Replacement Cost - $50,000" and alleges "[t]here is no

---

[2] Exhibit A, Plaintiff's Original Petition, para. 5.
[3] *Id.* at para. 6.
[4] As discussed above, Plaintiff incorrectly sued Liberty Mutual Group. Liberty Mutual Group is also diverse. Liberty Mutual Group was, at the time Plaintiff filed its Original Petition, and is, a company organized under the laws of Massachusetts. Its principal place of business is also 175 Berkeley Street, Boston, Massachusetts. If necessary, incorrectly named Defendant, Liberty Mutual Group, consents to this removal.
[5] Exhibit A, Plaintiff's Original Petition, para. 2.1.
[6] *Id.* at para. 1.1.

2

question the replacement value of the items lost by Plaintiffs [sic] is in excess of the policy limits."[7] The petition also seeks treble damages and attorney's fees.[8]

7. When considering the nature and scope of the causes of action alleged by Plaintiff, it is clear that the actual amount in controversy exceeds $75,000.00, exclusive of interest and costs. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees... penalties, statutory damages, and punitive damages."[9] Here, Plaintiff claims it suffered a theft loss in excess of the $50,000.00 limits for business property.[10] Plaintiff further alleges that Ohio Security Insurance Company breached the insurance contract by wrongfully delaying its decision on Plaintiff's claim under the terms of the policy.[11] Plaintiff seeks damages for breach of contract under its insurance contract,[12] Texas Business Policy Number BKS577185251, with coverage limits of $1,000,000.00 for each occurrence, $1,000,000.00 for damage to property rented to the insured, and $50,000.00 for business property.

8. Moreover, Defendant's counsel sent Plaintiff's counsel a proposed damage cap stipulation on October 4, 2017.[13] Defendant's counsel spoke with Plaintiff's counsel on October

---

[7] *Id.* at para. 4.1 and 4.4.
[8] *Id.* at para 5.3 and 6.
[9] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. Liberty Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[10] Exhibit A at para. 4.1
[11] *Id.* at para. 5.1.
[12] *Id.*
[13] Exhibit B, Declaration of Margaret Brown, and B-1, correspondence with Plaintiff's counsel dated October 4, 2017.

5, 2017, and Plaintiff's counsel acknowledged receipt of the proposed damage cap stipulation.[14] The following morning, Defendant's counsel advised Defendant would remove the matter to federal court if Plaintiff's counsel did not return the damage cap stipulation by 12:00 p.m. on October 6, 2017.[15] Plaintiff's counsel did not return the damage cap stipulation by 12:00 p.m. on October 6, 2017.[16]

9. Further, Plaintiff seeks treble damages for its claims of violations of the Texas Insurance Code based on allegations that Ohio Security Insurance Company acted "knowingly."[17] Plaintiff also seeks attorney fees.[18] Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### *The Removal is Procedurally Correct*

10. Ohio Security Insurance Company, incorrectly sued as Liberty Mutual Group, was served with the Original Petition on September 9, 2017. Therefore, Defendant filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

12. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit C.

---

[14] Exhibit B.
[15] *See id.*, and Exhibit B-2, correspondence with Plaintiff's counsel dated 10/06/17.
[16] Exhibit B.
[17] Exhibit A at para. 5.3 and 6.1.5.
[18] *Id.* at paras. 5.1, 6.1.2, 6.1.3, and 6.1.4.

13. Pursuant to 28 U.S.C. §1446(d), promptly after Ohio Security Insurance Company files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

14. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Bexar County, Texas, promptly after Ohio Security Insurance Company files this Notice.

WHEREFORE, Ohio Security Insurance Company[19] requests that this action be removed from the 57th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS TREAT, LLP

*Margaret F. Brown*

David R. Stephens
State Bar No. 19146100
Margaret F. Brown
State Bar No. 24092181
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
mbrown@lstlaw.com

*Counsel for Defendant Ohio Security Insurance Company*

---

[19] As discussed earlier in this Notice of Removal, Ohio Security Insurance Company was incorrectly named as Liberty Mutual Group in this suit. Ohio Security Insurance Company, and not Liberty Mutual Group, issued the subject policy in this case.

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 6th th day of **October, 2017**, addressed to those who do not receive notice from the Clerk of the Court.

    Jeremy Sloan
    CHUNN PRICE HARRIS & SLOAN PLLC
    1000 Central Parkway N., Ste. 100
    San Antonio, Texas 78232
    Tel: 210-343-5000
    Fax: 210-525-0960
    jsloan@cphattorneys.com

*/s/ Margaret F. Brown*
_____
David R. Stephens
Margaret F. Brown